1  Danielle Hultenius Moore (SBN 232480)
      E-Mail:  dmoore@fisherphillips.com
2  Aaron F. Olsen (SBN 224947)
      E-Mail:  aolsen@fisherphillips.com
3  Christopher M. Champine (SBN 323385)
      E-Mail:  cchampine@fisherphillips.com
4  **FISHER & PHILLIPS LLP**
   4747 Executive Drive, Suite 1000
5  San Diego, California 92121
   Telephone: (858) 597-9600
6  Facsimile: (858) 597-9601

7  Attorneys for Defendant, INTERNATIONAL PAPER COMPANY

8

9                    UNITED STATES DISTRICT COURT

10        CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

11

| | |
|---|---|
| 12  TRAVONNE BORDERS, an individual, | Case No. _____ <br> *Previously known as Los Angeles Superior Court Case No. 22STCV15935* |
| 13 | |
| 14         Plaintiff, | |
| 15     v. | **DEFENDANT'S NOTICE AND PETITION OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 133S, 1441, AND 1446** |
| 16  INTERNATIONAL PAPER COMPANY, a New York corporation; ANGIE DOE, an individual; and DOES 1 through 20, inclusive, | |
| 17 | |
| 18 | State Court Complaint Filed: 5-12-2022 <br> Trial Date:      [not set] |
| 19         Defendants. | |

20

21

22

23

24

25

26

27

28

1
2

# **TABLE OF CONTENTS**

**Page(s)**

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I.  STATEMENT OF JURISDICTION ................................................................ 1

II.  VENUE ................................................................................................. 1

III.  PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL ............ 1

IV.  REMOVAL IS SUBJECT TO A LIBERAL PLEADING
STANDARD ......................................................................................... 3

V.  GROUNDS FOR REMOVAL ................................................................ 3

    A.  Removal is Warranted Because Complete Diversity of
Citizenship Exists Between Plaintiff and Defendants ..................... 3

        1.  Citizenship of Plaintiff ................................................ 3

        2.  Citizenship of Defendant ............................................ 4

        3.  Citizenship of DOES 1-20 ......................................... 5

    B.  Removal is Warranted Because Angie DOE is a Sham
Defendant ...................................................................................... 6

    C.  Removal is Warranted Because Plaintiff Failed to Properly
Serve the Only "Local Defendant" Named in His Complaint ........... 9

VI.  THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00 ............... 11

    A.  Special Damages .......................................................................... 13

    B.  General Damages, Including Emotional Distress ............................ 14

    C.  Attorney's Fees ............................................................................ 15

    D.  Punitive Damages ........................................................................ 16

VII.  THE REQUIREMENTS OF 28 U.S.C. § 1446 ARE MET ..................... 17

VIII.  NOTICE PROVIDED TO STATE COURT AND PLAINTIFFS ............ 17

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

5
*Allen v. R&H Oil & Gas Co.*
   63 F.3d 1326 (5th Cir. 1995) ............................................................. 16

6

7
*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ........................................................................... 7

8
*Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*
   465 F.2d 489 (9th Cir. 1972) ............................................................. 12

9

10
*Bell Atlantic Corp. v. Twombly*
   550 U.S. 544 (2007) ........................................................................... 7

11

12
*Calero v. Unisys Corp.*
   271 F.Supp.2d 1172 (N.D. Cal. 2003) ............................................... 6

13

14
*Castanon v. Int'l Paper Co.*
   No. 2:15-CV-08362-ODW, 2016 WL 589853 (C.D. Cal. Feb. 11,
   2016) .................................................................................................. 13

15

16
*Choi v. GM LLC*
   2021 U.S. Dist. LEXIS 172291 (C.D. Cal. Sept. 9, 2021) ................. 10

17

18
*Dart Cherokee Basin Operating Co., LLC v. Owens*
   135 S.Ct. 547 (2014) .................................................................... 3, 11

19

20
*Dunn v. Allstate Insurance Co.*
   1997 WL 813002, No. 97CV1113JM (RBB) (S.D. Cal. Dec. 15,
   1997) .................................................................................................. 16

21

22

23
*Encompass Insur. Co. v. Stone Mansion Rest. Inc.*
   902 F.3d 147 (3d Cir. 2018) ............................................................... 10

24

25
*Fischel v. Equitable Life Assurance Soc'y of U.S.*
   307 F.3d 997 (9th Cir. 2002) ............................................................. 15

26
*Galt G/S v. JSS Scandinavia*
   142 F.3d 1150 (9th Cir. 1998) ........................................................... 12

27

28

*Gibbons v. Bristol-Myers Squibb Co.*
  919 F.3d 699 (2d Cir. 2019) .................................................................. 10

*Hamilton Materials, Inc., v. Dow Chem. Corp.*
  (9th Cir. 2007) 494 F.3d 1203 ................................................................ 9

*Hardy v. Square D Co.*
  199 F.Supp.2d 676 (N.D. Ohio 2002) ................................................... 17

*Hertz Corp. v. Friend*
  130 S. Ct. 1181 (2010) ........................................................................... 4

*Kanotor v. Wellesley Galleries, Ltd.*
  704 F.2d 1088 (9th Cir. 1983) ................................................................ 3

*Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*
  199 F.Supp.2d 993 (C.D. Cal. 2002) ..................................................... 12

*Kramer v. Warner-Lambert Co.*
  265 F.3d 853 (9th Cir. 2001) .................................................................. 4

*Kroske v. U.S. Bank Corp.*
  432 F.3d 976 (9th Cir. 2005) ................................................................ 12

*Lew v. Moss*
  797 F.2d 747 (9th Cir. 1986) .................................................................. 4

*Loewen v. McDonnell*
  No. 19-cv-00467-YGR, 2019 WL 2364413 (N.D. Cal. June 5,
  2019) ..................................................................................................... 10

*Marcel v. Pool Co.*
  5 F.3d 81 (5th Cir. 1983) ....................................................................... 15

*Mass. Mut. Life Ins. Co. v. Mozilo*
  No. 2:12-cv-03613-MRP-MAN, 2012 WL 11047336 (C.D. Cal.
  June 28, 2012) ...................................................................................... 10

*McCabe v. General Foods Corp.*
  811 F.2d 1336 (9th Cir. 1987) ................................................................ 6

*McKenna v. Permanente Medical Group, Inc.*
  894 F.Supp.2d 1258 (E.D. Cal. 2012) ..................................................... 8

*Mendoza v. v. Staples, Inc.*
   2014 WL 6670221 (C.D. Cal. Nov. 24, 2014) ...................................................9

*Mondragon v. Capital One Auto Fin.*
   736 F.3d 880 (9th Cir. 2013) ...........................................................................4

*Morris v. Princess Cruises, Inc.*
   236 F.3d 1061 (9th Cir. 2001) .........................................................................6

*Murphy Bros. v. Michetti Pipe Stringing, Inc.*
   526 U.S. 344 (11th Cir. 1999) .........................................................................3

*Newcombe v. Adolf Coors Co.*
   157 F.3d 686 (9th Cir. 1998) ...........................................................................5

*Ontiveros v. Michaels Stores, Inc.*
   No. CV 12-09437 MMM, 2013 WL 815975 (C. D. Cal. Mar. 5,
   2013) ...............................................................................................................15

*Parker-Williams v. Charles Tini & Associates, Inc.*
   53 F.Supp.3d 149 (D.D.C. 2014) ........................................................11, 15, 16

*Richmond v. Allstate Insurance Co.*
   897 F.Supp. 447 (S.D. Cal. 1995) ..................................................................16

*Ritchey v. Upjohn Drug Co.*
   139 F.3d 1313 (9th Cir. 1998) .........................................................................6

*Rodriguez v. AT & T Mobility Servs. LLC*
   728 F.3d 975 (9th Cir. 2013) .........................................................................11

*Rodriguez v. Home Depot, USA, Inc.*
   No. 16-CV01945-JCS, 2016 WL 3902838 (N.D. Cal. July 19,
   2016) ...............................................................................................................13

*Roth v. Comerica Bank*
   799 F.Supp.2d 1107 (C.D. Cal. 2010) ...........................................................12

*Sanchez v. Monumental Life Ins. Co.*
   102 F.3d 398 (9th Cir. 1996) .........................................................................11

*Saulic v. Symantec Corp.*
   No. SA-CV-07-610-AHS(PLAx), 2007 WL 5074883 (C.D. Cal.
   Dec. 26, 2007) ...............................................................................................11

CASE NO.
TABLE OF AUTHORITIES

*Simmons v. PCR Tech.*
  209 F. Supp. 2d 1029 (2002) .................................................................. 13, 14

*Singer v. State Farm Mutual Auto. Ins. Co.*
  116 F.3d 373 (9th Cir. 1997) .................................................................. 11, 12

*State Farm Mut. Auto. Ins. Co. v. Dyer*
  19 F.3d 514 (10th Cir. 1994) ......................................................................... 4

*Tex. Brine Co., LLC v. Am. Arbitration Ass'n. Inc.*
  955 F.3d 482 (5th Cir. 2020) ...................................................................... 10

*Zirkin v. Shandy Media, Inc.*
  No. 2:18-cv-09207-ODW, 2019 WL 626138 (C.D. Cal. Feb. 14,
  2019) ............................................................................................................ 10

**California Cases**

*Commodore Home Sys., Inc. v. Super. Ct.*
  32 Cal.3d 211 (Cal. 1982) ........................................................................... 13

*Hogan v. Archdiocese of Los Angeles*
  2001 WL 803303 (Cal.Super.Ct. 2001) ...................................................... 16

*Janken v. GM Hughes Electronics*
  46 Cal. App. 4th 55 (1996) ........................................................................ 8, 9

*Ko v. Square Group, LLC*
  Case No. BC 487739 (Sup. Ct. Cal. June 16, 2014) ................................... 16

*Rabago-Alvarez v. Dart Industries, Inc.*
  55 Cal. App. 3d 91 (1976) ........................................................................... 14

*Reno v. Baird*
  18 Cal. 4th 640 (1998) ............................................................................... 8, 9

*Roby v. McKesson Corp.*
  47 Cal. 4th 686 (2009) .................................................................................. 8

*Songco v. Century Quality Management, Inc.*
  Los Angeles Superior Court, 1997 WL 682397 (Cal.Super. Oct.
  1997) ............................................................................................................ 16

*Stevens v. Von Companies, Inc.*
  Case No. SC041162, 2006 WL 4543812 (Sup. Ct. Cal. Oct. 1,
  2006) ...................................................................................................... 17

**Federal Statutes**

28 U.S.C.A.
  § 1332(c) ................................................................................................. 4

28 U.S.C.
  § 84(c) ..................................................................................................... 1
  § 1332(a) ...................................................................................... 1, 9, 11
  § 1332 (a)(1) ........................................................................................... 3
  § 1391 ..................................................................................................... 1
  § 1441 ..................................................................................................... 1
  § 1441(a) ............................................................................................ 1, 5
  § 1441(b) ................................................................................................ 1
  § 1441(b)(2) ...................................................................................... 9, 10
  § 1446 ................................................................................................... 17
  § 1446(a) ..................................................................................... 2, 3, 17
  § 1446(b) .................................................................................. 1, 2, 3, 17
  § 1446(b)(3) ........................................................................................... 3
  § 1446(d) .............................................................................................. 17

**California Statutes**

California's Fair Employment and Housing Act, Cal. Gov't Code
  § 12926. ............................................................................................... 13

Cal. Labor Code
  § 201 ...................................................................................................... 2
  § 202 ...................................................................................................... 2
  § 203 ...................................................................................................... 2
  § 226 ...................................................................................................... 2
  § 226.7 ................................................................................................... 2

Private Attorney General Act
  Cal. Labor Code § 2699 ......................................................................... 2

**Other State Statutes**

Bus. & Prof. Code
  § 17200. ................................................................................................. 2

6

Gov't Code
   § 12940. ..................................................................................................2
   § 12940(k) ..............................................................................................2
   § 12945.2. ..............................................................................................2

Government Code
   § 12940(i) ...............................................................................................7

**Other Authorities**

Federal Rules of Civil Procedure Rule 8(a) .............................................3

CASE NO.
TABLE OF AUTHORITIES

FP 44151246.3

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF TRAVONNE BORDERS AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. sections 1332(a), 1441(b) and 1446(b), Defendant INTERNATIONAL PAPER COMPANY ("Defendant" or "International Paper"), removes the above-entitled action from the Los Angeles Superior Court of the State of California to the United States District Court for the Central District of California. In support of removal, Defendant states as follows:

## I.   STATEMENT OF JURISDICTION

1.   This matter is a civil action over which this District Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). This action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, Pursuant to U.S.C. § 1446(b), this notice of removal is filed within 30 days after the receipt by the defendant and includes a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

## II.   VENUE

2.   Pursuant to 28 U.S.C. section 1441(a), venue is proper in this Court because it is the "district and division embracing the place where such action is pending." This action was filed in the California Superior Court for the County of Los Angeles. Thus, venue properly lies in the United States District Court for the Central District of California. *See* 28 U.S.C. §§ 84(c), 1391, and 1441.

## III.   PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

3.   On May 12, 2022, Plaintiff TRAVONNE BORDERS ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Los Angeles, entitled, TRAVONNE BORDERS, an individual v. INTERNATIONAL

PAPER COMPANY, a New York corporation; ANGIE DOE, an individual; and DOES 1 through 20, inclusive, Case No. 22STCV15935 (the "Complaint"). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached as **Exhibit A** to the Declaration of Christopher M. Champine ("Champine Decl."), ¶ 2. The allegations of the Complaint are incorporated by reference in this Notice of Removal without admission of or agreement to the truth of any of them.

4.    Plaintiff's Complaint asserts causes of action for: (1) Discrimination in Violation of Gov't Code §§ 12940, *et seq*.; (2) Harassment in Violation of Gov't Code §§ 12940, *et seq*.; (3) Retaliation in Violation of Gov't Code §§ 12940, *et seq*.; (4) Failure to Prevent Discrimination, Harassment and Retaliation in Violation of Gov't Code § 12940(k); (5) Retaliation in Violation of Gov't Code §§ 12945.2, *et seq*.; (6) Failure to Provide Reasonable Accommodations in Violation of Gov't Code §§ 12940, *et seq*.; (7) Failure to Engage in a Good Faith Interactive Process in Violation of Gov't Code §§ 12940, *et seq*.; (8) Declaratory Judgment; (9) Wrongful Termination in Violation of Public Policy; (10) Failure to Provide Rest Periods (Cal. Labor Code §§ 226.7); (11) Failure to Provide Itemized Wage and Hour Statements (Cal. Labor Code §§ 226, *et seq*.); (12) Waiting Time Penalties (Cal. Labor Code §§ 201-203); (13) Private Attorney General Act (Cal. Labor Code § 2699, *et seq.*); and (14) Unfair Competition (Bus. & Prof. Code § 17200, *et seq.* Champine Decl., **Exhibit A**, ¶¶ 37-159.

5.    On May 17, 2022, Plaintiff served a copy of the Summons and Complaint and related papers on International Paper Company's registered agent for service of process. Declaration of Cissy Braslow (hereinafter "Braslow Decl."), ¶ 7. Accordingly, the removal is timely under 28 U.S.C. § 1446(b). True and correct copies of the Summons, Civil Case Cover Sheet, Notice of Case Assignment and Case Management Conference, and Proof of Service of Summons are attached as **Exhibit B** to Champine Decl., ¶ 3.

6.    The Complaint (**Exhibit A**), and the Summons, Civil Case Cover

Sheet, Notice of Case Assignment and Case Management Conference, and Proof of Service of Summons (**Exhibit B**) are the only pleadings, process, or orders that have been served upon Defendant. or that Defendant is aware of having been filed in this action. Champine Decl., ¶ 5.

7.     This Notice of Removal is timely filed because it is filed within thirty (30) days of service of the initial pleading setting forth the claim for relief upon which the State Lawsuit is based. *See* 28 U.S.C. § 1446(b)(3); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 347-48 (11th Cir. 1999). In addition, this Notice of Removal has been filed within one year of commencement of the State Lawsuit as required by 28 U.S.C. § 1446(b). Therefore, this Notice of Removal has been timely filed.

## IV.     REMOVAL IS SUBJECT TO A LIBERAL PLEADING STANDARD

8.     In 2014, the U.S. Supreme Court held that notices of removal are subject to the same general pleading standards applicable to complaints pursuant to Rule 8(a) of the Federal Rules of Civil Procedure. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553 (2014). Accordingly, such notices need not attach evidence or meet a burden of proof, but rather need only contain a "short and plain statement of the grounds for removal." *Id.*; 28 U.S.C. § 1446(a). Only if the Court, or another party, contests the allegations of removability must the removing party submit evidence supporting its allegations, whereupon removability is decided under a preponderance of evidence standard. *Dart Cherokee* at 553-554.

## V.     GROUNDS FOR REMOVAL

### A.     <u>Removal is Warranted Because Complete Diversity of Citizenship Exists Between Plaintiff and Defendants</u>

#### 1.     *Citizenship of Plaintiff*

9.     For diversity purposes, a person is a "citizen" of the state in which he is domiciled. 28 U.S.C. § 1332 (a)(1); *see also Kanotor v. Wellesley Galleries, Ltd.*,

704 F.2d 1088 (9th Cir. 1983); *Kramer v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with the intention to remain). Residence is *prima facie* evidence of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011). In fact, it is presumed that a natural person's residence is also his or her domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

10.    In his Complaint, Plaintiff alleges that, at the time of the filing of his Complaint, he was a resident of Los Angeles County, State of California. *See* Champine Decl., **Exhibit A**, Compl. ¶ 2. Nothing in the Complaint or other pleadings suggests otherwise. Accordingly, Plaintiff is domiciled in and is a citizen of the State of California.

### 2.    Citizenship of Defendant

11.    For purposes of diversity jurisdiction, a corporation's citizenship may be dual, in that a corporation may be deemed a citizen of every state by which it has been incorporated *and* of the state where it has its principal place of business. *See* 28 U.S.C.A. § 1332(c). However, the citizenship of a corporation is a corporation's "principal place of business" or "nerve center," which is normally its corporate headquarters. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1183 (2010). A corporation's "principal place of business" or "nerve center" refers to the place where a corporation's board and high-level officers direct, control and coordinate its activities. *Id*. at 1186, 1192.

12.    A corporation merely doing business within the forum state is not enough to establish the corporation's "principal place of business" or "nerve center" for purposes of diversity jurisdiction or removal purposes. *Id*. at 1194 ("if the bulk of a company's business activities visible to the public take place in New

Jersey, while its top officers direct those activities just across the river in New York, the 'principal place of business' is New York.").

13.     Defendant International Paper Company is a citizen of New York and Tennessee, as International Paper is incorporated in New York and has its principal place of business in Tennessee. Braslow Decl., ¶ 5. Moreover, Defendant's "principal place of business" and "nerve center" are located within the state of Tennessee. *See Id.*, at ¶ 6. International Paper maintains its corporate headquarters in Memphis, Tennessee. *Id.*, at ¶ 6. High level officers of International Paper work, direct, control, and coordinate activities of International Paper out of Tennessee. Indeed, Members of International Paper's senior executive team, including the Chief Executive Officer, Chief Financial Officer, Controller, General Counsel and Secretary, and Senior Vice President of Human Resources all work out of International Paper's corporate headquarters in Memphis, Tennessee. *Id.*, at ¶ 6. In addition to conducting executive meetings at the Memphis, Tennessee headquarters, these officers primarily perform their day-to-day job duties in Memphis, Tennessee, including controlling, directing and coordinating the activities of International Paper. *Id.*, at ¶ 6.

14.     Thus, for purposes of establishing diversity jurisdiction and this action for removal, Defendant is a citizen of New York and Tennessee, not California.

### 3.     Citizenship of DOES 1-20

15.     The Complaint also names as Defendants DOES 1 through 20 ("DOE Defendants"). The twenty (20) "Doe" Defendants named in the Complaint are not considered in assessing diversity. *See*, *e.g.*, *Newcombe v. Adolf Coors Co.* 157 F.3d 686, 690-91 (9th Cir. 1998) ("28 U.S.C. §1441(a) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal. As such, the district court was correct in only considering the domicile of the named defendants."). Accordingly, the citizenship of the alleged Doe Defendants does not impact the diversity analysis for removal.

**B.**   <u>**Removal is Warranted Because Angie DOE is a Sham Defendant**</u>

16.     Plaintiff's Complaint alleges that defendant Angie DOE is a citizen of California. *See* Champine Decl., **Exhibit A**, Compl. ¶ 7. However, even a non-diverse defendant named in a state court action is disregarded for diversity jurisdiction purposes if the Court determines that the defendant's joinder in the litigation is a "sham" or "fraudulent" in that no valid cause of action has been stated against that defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "It is commonplace that fraudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.* 139 F.3d 1313, 1318 (9th Cir. 1998). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Where, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff cannot recover against the party whose joinder is questioned, the joinder is considered fraudulent. *Calero v. Unisys Corp.*, 271 F.Supp.2d 1172, 1176 (N.D. Cal. 2003).

17.     The only cause of action alleged against Angie Doe is the second cause of action for harassment. Plaintiff's lone fact alleged in support of the harassment claim against Angie Doe is in paragraph 24 of the complaint in which Plaintiff alleges, "Upon returning to work in June 2021, Plaintiff asked Angie Doe, Employers' human resources manager, to work no more than eight hours per workday as an accommodation. Angie Doe denied Plaintiff's request and informed Plaintiff that nobody worked "only" eight hours." Champine Decl., **Exhibit A**, Compl. ¶ 24.

18.     Aside from identifying her alleged residency (Compl. ¶ 7), the only other place Angie Doe is even mentioned is in the following conclusory allegations: "Plaintiff is informed and believes, and based thereupon alleges, that Defendants,

and each of them, including those defendants named as DOES 1-20 and the INDIVIDUAL DEFENDANT, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i)" (Compl. ¶ 10); and, "Defendants' conduct described herein was undertaken, authorized, and/or ratified by Defendants' officers, directors, and/or managing agents, including, but limited to Angie DOE and those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants." Champine Decl., **Exhibit A**, Compl. ¶ 32. All other factual allegations refer to "Employer" or "Defendants" broadly, or not at all. *See*, *e.g.*, Champine Decl., **Exhibit A**, Compl. ¶ 18, 20, 26-31, 36.

19.     To state a cause of action, a complaint must allege "*enough* facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To establish a "plausible" claim, the complaint must contain "more than labels and conclusions" or "formulaic recitations of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

20.     Plaintiff's Complaint utterly fails to allege enough (if any) facts justifying his harassment claims against Angie DOE.

21.     Plaintiff's conclusion that Angie DOE's comment amounts to harassment (or evidence as to any other cause of action incorporated through reference to all defendants) is wholly unmerited. Angie DOE's comment is not a "fact" sufficient to rise to the level of harassment, discrimination, because it alleges no facts or allegations demonstrating that her comment was not made within the course of her managerial duties.

22.     California law makes it clear that personnel management actions cannot support a harassment claim brought against an individual. At most, those

claims could only proceed against the employer. For instance, in *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55 (1996), the California Court of Appeal explained:

> [T]he Legislature intended that ***commonly necessary personnel management actions*** such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, ***performance evaluations***, ***the provision of support***, the assignment or non-assignment of supervisory functions ... ***do not come within the meaning of harassment. These are actions of a type necessary to carry out the duties of business and personnel management***. These actions may retrospectively be found discriminatory if based on improper motives, but in that event the remedies provided by the FEHA are those for discrimination, not harassment. Harassment, by contrast, consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management. This significant distinction underlies the differential treatment of harassment and discrimination in the FEHA.

*Janken*, 46 Cal. App. 4th at 64-65 (emphasis added). In other words, personnel management activity does not fall within the scope of actionable harassment. *Reno v. Baird*, 18 Cal. 4th 640, 646–647 (1998); *see also Roby v. McKesson Corp*., 47 Cal. 4th 686, 706 (2009) ("[H]arassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives"); *McKenna v. Permanente Medical Group, Inc*., 894 F.Supp.2d 1258, 1280 (E.D. Cal. 2012).

23.    In the instant case, Plaintiff's allegation is comprised of a single alleged personnel management comment and cannot support a harassment claim. Plaintiff claims that Angie DOE allegedly told him that "nobody works only eight

hours" when he returned from medical leave and requested to work only eight-hour shifts. Champine Decl., **Exhibit A**, Compl. ¶ 24. Alleged comments about the length of shifts fall squarely within the scope of personnel management activity and cannot constitute unlawful harassment under California law. *See Reno*, 18 Cal. 4th at 646-47. *See*, *e.g.*, *Janken*, 46 Cal. App.4th at 64–65; *Mendoza v. v. Staples, Inc.*, 2014 WL 6670221, at *3-6 (C.D. Cal. Nov. 24, 2014) (finding that allegations regarding personnel management actions did not amount to harassment under FEHA). Because Plaintiff cannot allege any claims as a matter of law against Angie DOE, she is a "sham" defendant and removal is proper. *Hamilton Materials, Inc., v. Dow Chem. Corp.* (9th Cir. 2007) 494 F.3d 1203, 1206 ("[i]f plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.")

### C.   Removal is Warranted Because Plaintiff Failed to Properly Serve the Only "Local Defendant" Named in His Complaint

24.    Even if the court is persuaded that Plaintiff has properly alleged facts sufficiently demonstrating Angie Doe harassed Plaintiff, removal is justified because Plaintiff has failed to serve Angie DOE.

25.    Defendant is fully aware of the so-called "local defendant" rule barring removal of cases in which a defendant is named from the forum jurisdiction. However, the argument for removal, endorsed by courts in the Central District, is that the basis for removal under § 1441(b)(2) stems from its language limiting the right to removal to *served* local defendants. The "local-defendant" rule states, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest ***properly joined and served*** as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b)(2) (emphasis added). Under the plain meaning of the statute, the rule barring removal does not apply when the local defendant is

1   unserved.

2   26.    Numerous courts have recognized that the local defendant rule only

3   applies when the local defendant has been served with the complaint. *Gibbons v.*

4   *Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019); *Encompass Insur. Co. v.*

5   *Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018); *see also Mass. Mut. Life*

6   *Ins. Co. v. Mozilo*, No. 2:12-cv-03613-MRP-MAN, 2012 WL 11047336, at *2

7   (C.D. Cal. June 28, 2012); *Loewen v. McDonnell*, No. 19-cv-00467-YGR, 2019

8   WL 2364413, at *7–8 (N.D. Cal. June 5, 2019); *Zirkin v. Shandy Media, Inc.*, No.

9   2:18-cv-09207-ODW (SSx), 2019 WL 626138, at *4 (C.D. Cal. Feb. 14, 2019).

10   27.    The Central District of California has been at the forefront of granting

11   snap removals. Cases in which remand was not ordered include *Choi v. GM LLC*,

12   2021 U.S. Dist. LEXIS 172291 (C.D. Cal. Sept. 9, 2021) (Plaintiffs filed suit in

13   Los Angeles County Superior Court against GM and three local dealerships. Before

14   any defendant was served, GM removed the case to federal court. It was undisputed

15   that the local dealerships were forum defendants, but the court denied remand

16   stating that, while the "local-defendant" rule states a case otherwise removable on

17   diversity grounds "may not be removed if any of the parties ... properly ... served

18   ... is a citizen of the State in which [the] action is brought," 28 U.S.C. §1441(b)(2)

19   should be interpreted according its plain meaning); *Zirkin v. Shandy Media, Inc.*

20   (C.D. Cal., Feb. 14, 2019, No. 218CV09207ODWSSX) 2019 WL 626138. (28

21   U.S.C. § 1441 does not prevent an unserved forum defendant from removing,

22   despite all named defendants being forum defendants.).

23   28.    Although not binding under this Court's authority, persuasive

24   authority for snap removal exists under authority from three other federal circuits

25   under § 1441(b)(2): the Third Circuit's *Encompass Ins. Co. v. Stone Mansion*

26   *Restaurant Inc.*, 902 F.3d 147 (3d Cir. 2018); the Second Circuit's *Gibbons v.*

27   *Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019); and the Fifth Circuit's *Tex.*

28   *Brine Co., LLC v. Am. Arbitration Ass'n. Inc.*, 955 F.3d 482 (5th Cir. 2020).

10                    CASE NO.

DEFENDANT'S NOTICE AND PETITION OF REMOVAL OF ACTION

29.     Plaintiff has not amended his Complaint to provide Ange DOE's last name or identified any other individual DOE defendant in this matter. Champine Decl., **Exhibit A**, Compl. ¶ 8. There is no indication that Plaintiff has served Angie Doe. Champine Decl. ¶ 4. Thus, removal is warranted.

## VI.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

30.     Diversity jurisdiction exists where the parties are diverse of citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a).

31.     Plaintiff's Complaint does not identify the amount in controversy in-full for this action. However, the $75,000 threshold necessary for diversity jurisdiction is not particularly burdensome. In fact, when seeking removal of a state action to federal court based on diversity jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). The failure of the Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See, e.g., Saulic v. Symantec Corp.*, No. SA-CV-07-610-AHS(PLAx), 2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007); *Parker-Williams v. Charles Tini & Associates, Inc.*, 53 F.Supp.3d 149, 152 (D.D.C. 2014). A defendant need only to establish by a preponderance of evidence that the claims exceed the jurisdictional minimum. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

32.     Plaintiff does not specify a total damage sum in his Complaint. Accordingly, this Court may consider whether it is facially apparent from the Complaint that it is more likely than not that the jurisdiction amount of $75,000 is in controversy. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

Defendants, however, are not obliged to "research, state, and prove the plaintiff's claims for damages." *Singer*, 116 F.3d at 377. Notwithstanding the fact that Plaintiff fails to specify the dollar amount of damages being sought in the Complaint, the allegations of the Complaint demonstrate that Plaintiff seeks damages in excess of the jurisdictional requirement of $75,000. Economic damages, non-economic damages, general damages, punitive damages and attorneys' fees are all included in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

33.    Defendant adamantly denies Plaintiff's allegations, denies any liability, and denies Plaintiff has suffered any damages. Nevertheless, in assessing the amount in controversy for diversity jurisdiction purposes, a court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Bank of California Nat. Ass'n v. Twin Harbors Lumber Co*., 465 F.2d 489, 491 (9th Cir. 1972); *Roth v. Comerica Bank*, 799 F.Supp.2d 1107, 1117 (C.D. Cal. 2010); *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). This includes any possible award of attorneys' fees where, as here, a statute at issue awards attorneys' fees to the prevailing party. *See, Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract.") (citations omitted); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998). Essentially, the ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what the amount of a defendant's liability (if any) will ultimately be.

34.    In the instant case, Plaintiff alleges fourteen causes of action seeking recovery of general damages, including non-economic damages; special damages, including without limitation, loss of wages, salary, and benefits; punitive and exemplary damages; payment of wages, statutory penalties, and waiting time penalties; pre-judgment interest and interest provided by law; and attorneys' fees

and cost of suit. Champine Decl., **Exhibit A**, Compl., Prayer ¶¶1-15. California federal courts have routinely found that the amount-in-controversy requirement is satisfied in cases with similar claims. *See, e.g., Rodriguez v. Home Depot, USA, Inc.*, No. 16-CV01945-JCS, 2016 WL 3902838 (N.D. Cal. July 19, 2016) (amount-in-controversy requirement satisfied in wrongful termination case seeking lost wages, equitable relief, restitution, punitive damages, and attorneys' fees and costs); *Castanon v. Int'l Paper Co.*, No. 2:15-CV-08362-ODW, 2016 WL 589853 (C.D. Cal. Feb. 11, 2016) (amount-in-controversy requirement satisfied in disability discrimination case seeking lost earnings, punitive damages, and attorneys' fees); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029 (2002) (amount-in-controversy requirement satisfied in employment discrimination case seeking compensatory damages, punitive damages, injunctive relief, and attorneys' fees).

35.   Here, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, based on the following allegations and evidence:

**A.   Special Damages**

36.   Plaintiff alleges that as a result of Defendants' conduct, he is entitled to special damages. *See*, *e.g*., Champine Decl., **Exhibit A**, Compl., Prayer at ¶ 1. Under California's Fair Employment and Housing Act, Cal. Gov't Code section 12926, *et seq*., all non-contractual tort remedies are potentially recoverable, including back pay, front pay, compensatory damages, punitive damages, attorneys' fees and costs. *See, e.g., Commodore Home Sys., Inc. v. Super. Ct.*, 32 Cal.3d 211 (Cal. 1982). Plaintiff was employed as a Forklift Operator and was earning $22.00 per hour at the time of his termination on October 21, 2021. Braslow Decl., ¶ 8; Champine Decl., **Exhibit A**, Compl. ¶ 18-19. This amounts to approximately $4,928 average monthly pay,[1] not including benefits.

---

[1] This calculation is based on the rate of $22.00 per hour and assumes Plaintiff worked for eight hours each day, seven days per week, for four weeks in each month.

37.     Plaintiff makes no allegation in his Complaint that he has found other work, let alone work that pays the same compensation that he previously received from Defendant. Thus, Plaintiff is seeking approximately 7 months of lost wages from the time of his termination in October 2021 to the filing of the Complaint in May 2022 and this claim will continue to accrue during the pendency of this litigation. Therefore, assuming it takes approximately 12 more months before this matter is resolved by trial, Plaintiff will claim approximately 19 months of lost wages, or $93,632.00 ($4,928.00 per month x 19 months). However, Plaintiff's claimed lost wage damages do not end there. Plaintiff may also be entitled to "front pay" damages in the form of potential future lost wages beyond even the date of trial, to compensate Plaintiff for lost future expected earnings had the alleged unlawful termination not occurred. Such damages can include pay for multiple years of employment. *See, e.g.*, *Rabago-Alvarez v. Dart Industries, Inc.*, 55 Cal. App. 3d 91, 97 (1976) (4 years' pay deemed reasonable as "front pay" damages). Even assuming Plaintiff only obtains 3 years of front pay damages, this would amount to an additional $177,408.00.

### B.     General Damages, Including Emotional Distress

38.     Plaintiff also seeks an unspecified amount of general damages, which necessarily include damages for "mental pain and anguish and emotional distress." Champine Decl., **Exhibit A**, Compl., Prayer ¶ 1. Accordingly, it is very likely that Plaintiff will seek a substantial sum for emotional distress damages. *Simmons v. PCR Technology, Inc.*, 209 F.Supp.2d 1029, 1034 (N.D. Cal. 2002) ("emotional distress damages in a successful employment discrimination case may be substantial."). Recent verdicts in employment cases confirm that emotional distress awards may be substantial:

1.     *Forer vs. St. Luke's Hospital*, United States District Court, N.D. California, 2001 WL 558058 (N.D. Cal. Mar. 21, 2001) (jury awarded **$260,000** for emotional distress in connection with the plaintiff's

wrongful termination claim).

2. *Andrews vs. Hansa Stars Inc.*, Superior Court, Los Angeles County, 2009 WL 1587809 (Cal.Super. Apr. 16, 2009) (in connection with wrongful termination claims, two of the plaintiffs awarded **$375,000** and **$225,000** for emotional distress damages).

3. *Silverman vs. Stuart F. Cooper Inc.*, Los Angeles County, 2013 WL 5820140 (Cal.Super. July 19, 2003) (jury awarded the plaintiff **$151,333** for past and future emotional distress in wrongful termination, FEHA discrimination, FEHA retaliation, FEHA harassment/failure to prevent discrimination and harassment, and failure to pay final wages and waiting time penalties case.) *See, Ontiveros v. Michaels Stores, Inc.*, No. CV 12-09437 MMM (FMOx), 2013 WL 815975, at *2 (C. D. Cal. Mar. 5, 2013) (a court may consider verdicts in similar cases when determining whether the amount in controversy exceeds the jurisdictional minimum where the complaint on its face does not identify a specific amount in controversy); *Marcel v. Pool Co.*, 5 F.3d 81, 83 (5th Cir. 1983) (court properly considered jury verdicts in other similar cases to reach conclusion that the amount in controversy exceeded $75,000.00).

**C.** **Attorney's Fees**

39. Plaintiff also seeks to recover an unspecified amount in attorneys' fees related to all causes of action. *See*, Champine Decl., **Exhibit A**, Compl., Prayer ¶ 13. In the language of the D.C. District Court, "[w]hen attorney fees are added into the equation," the conclusion that more than $75,000 is in controversy "becomes irresistible." *Parker-Williams, supra*, 53 F.Supp.3d at p. 153. This conclusion is only further supported by the fact that in the Ninth Circuit, district courts have the discretion to calculate fee awards using either the lodestar method or the "percentage-of-the-fund" method. *Fischel v. Equitable Life Assurance Soc'y*

*of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002) (citations omitted). As such, even where "the Court lacks the information required to calculate [attorneys'] fees, it is difficult to believe that the amount in controversy [] could be lower than $75,000 when the [attorneys'] fees are factored in along with" other available damages. *Parker-Williams, supra*, 53 F.Supp.3d at p. 152. Simply put, it is more than likely that Plaintiff's attorney's fees, alone, will exceed $75,000 if this matter goes to trial.

### D. <u>Punitive Damages</u>

40.    Plaintiff also seeks punitive damages. *See* Champine Decl., **Exhibit A**, Compl., Prayer ¶ 10. Many punitive damages verdicts exceed $75,000.00. *See Dunn v. Allstate Insurance Co*., 1997 WL 813002 at *2, No. 97CV1113JM (RBB) (S.D. Cal. Dec. 15, 1997) (since removing defendant was a corporation, "it [was] more likely that any award of punitive damages would exceed $75,000.00"); *see also, Richmond v. Allstate Insurance Co*., 897 F.Supp. 447, 451 (S.D. Cal. 1995). *See also, Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1336 (5th Cir. 1995) (concluding that a punitive damages claim was "more likely than not" to exceed the jurisdictional amount of $75,000). For instance, the Court might find useful the following punitive damages verdicts:

1.    *Songco v. Century Quality Management, Inc.*, Los Angeles Superior Court, 1997 WL 682397 (Cal.Super. Oct. 1997) **($245,000 in punitive damages** on $17,982 in compensatory damages awarded in wrongful termination case).

2.    *Hogan v. Archdiocese of Los Angeles*, 2001 WL 803303 (Cal.Super.Ct. 2001) (awarding $200,000 in punitive damages and $35,000 in economic damages on a pregnancy discrimination cause of action).

3.    *Ko v. Square Group, LLC*, Case No. BC 487739 (Sup. Ct. Cal. June 16, 2014) (disability discrimination case resulting in punitive damages award of $500,000).

4. *Stevens v. Von Companies, Inc.*, Case No. SC041162, 2006 WL 4543812 (Sup. Ct. Cal. Oct. 1, 2006) (sex discrimination case resulting in punitive damages award of $475,000).

41. Although Defendant adamantly denies that any award of damages, let alone punitive damages, are recoverable, Plaintiff's prayer for punitive damages, by itself, also satisfies the $75,000 requirement.

42. Based on the nature of the allegations and damages sought in the Complaint, the evidence is sufficient to establish that Plaintiff has placed in controversy an amount exceeding the jurisdictional amount of $75,000.00, exclusive of costs and interest. Accordingly, this State Court action may be removed to the United States District Court for the Central District of California – Southern Division because, at the time this action was filed and the present time, diversity jurisdiction exists.

## VII. THE REQUIREMENTS OF 28 U.S.C. § 1446 ARE MET

43. In accordance with 28 U.S.C. section 1446(a), the Declaration of Christopher M. Champine in support of this Notice of Removal is accompanied by **Exhibits A through C**, which include copies of all process, pleadings, and orders served upon Defendant.

44. As required by 28 U.S.C. section 1446(b), the Notice of Removal was filed within 30 days after the Summons and Complaint was served on Defendant. *Hardy v. Square D Co.*, 199 F.Supp.2d 676, 680 (N.D. Ohio 2002).

45. In accordance with 28 U.S.C. section 1446(d), Defendant will give written notice of the original removal of this action to Plaintiff via his counsel and file a copy of that Notice with the Superior Court of California, County of Los Angeles.

## VIII. NOTICE PROVIDED TO STATE COURT AND PLAINTIFFS

46. Written notice of this Notice of Removal and Removal in the United States District Court for the Central District of California will be served on

Plaintiff's counsel of record. A copy of the Notice to Adverse Party of Removal of Action to Federal Court is attached to hereto as **Exhibit 1** (without exhibits because this Notice is the exhibit). In addition, a copy of this Notice of Removal and Removal will be filed with the Clerk of the Court in the Superior Court for the State of California, County of Los Angeles. A copy of the Notice to State Court of Removal of Action to Federal Court is attached hereto as **Exhibit 2** (without exhibits because this Notice is the exhibit).

   **THEREFORE**, Defendant respectfully requests that the above-mentioned litigation, now pending before the Superior Court of California, County of Los Angeles, be removed to the United States District Court for the Central District of California.

Dated:  June 15, 2022                    Respectfully submitted,

                                          FISHER & PHILLIPS LLP

                            By:    */s/ Christopher M. Champine*
                                          Danielle Hultenius Moore
                                          Aaron F. Olsen
                                          Christopher M. Champine
                                          Attorneys for Defendant
                                          INTERNATIONAL PAPER
                                          COMPANY

## CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 4747 Executive Drive, Suite 1000, San Diego, California 92121.

On the below date, I served the foregoing document entitled **DEFENDANT'S NOTICE AND PETITION OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 133S, 1441, AND 1446** on all the appearing and/or interested parties in this action with ☐ *the original* ☒ *a true copy* thereof addressed as follows:

Samvel Setyan (SBN 325831)            *Attorney for Plaintiff,*
SETYAN LAW, APC                      *Travonne Borders*
750 E. Green Street, Suite 310
Pasadena, California 91101            T: 213-618-3655
                                     E: s.setyan@setyanlaw.com

☐ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒ **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed June 15, 2022 at San Diego, California.

Susan Jackson
_____          By: _____
Print Name                                        Signature