# EXHIBIT "A"

Electronically FILED by Superior Court of California, County of Los Angeles on 05/12/2022 02:31 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk
22STCV15935
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Jon Takasugi

Samvel Setyan, Esq. (SBN 325831)
**SETYAN LAW, APC**
750 E. Green Street, Suite 310
Pasadena, California 91101
Telephone: (213) 618-3655
Facsimile: (213) 460-1429

Attorney for Plaintiff,
TRAVONNE BORDERS

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| TRAVONNE BORDERS, an individual, <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL PAPER COMPANY, a New York corporation; ANGIE DOE, an individual; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. 22STCV15935 <br><br> **COMPLAINT FOR DAMAGES FOR:** <br><br> 1. **DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 _ET SEQ._;** <br><br> 2. **HARASSMENT IN VIOLATION OF GOV'T CODE §§12940 _ET SEQ._;** <br><br> 3. **RETALIATION IN VIOLATION OF GOV'T CODE §§12940 _ET SEQ._;** <br><br> 4. **FAILURE TO PREVENT DISCRIMINATION, HARASSMENT AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);** <br><br> 5. **RETALIATION IN VIOLATION OF GOV'T CODE §§12945.2 ET. SEQ.;** <br><br> 6. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** <br><br> 7. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** <br><br> 8. **FOR DECLARATORY JUDGMENT** <br><br> 9. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;** |

-1-

1

2

3

4

5

6

7

8

9

10

11

**10. FAILURE TO PROVIDE REST PERIODS (CAL. LABOR CODE §§226.7);**

**11. FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS (CAL. LABOR CODE §§226, ET SEQ.);**

**12. WAITING TIME PENALTIES (CAL. LABOR CODE §§201-203);**

**13. PRIVATE ATTORNEY GENERAL ACT (CAL. LABOR CODE §2699, ET SEQ); AND**

**14. UNFAIR COMPETITION (BUS. & PROF. CODE §17200 ET SEQ.);**

**DEMAND OVER $25,000**

**[DEMAND FOR JURY TRIAL]**

12      **COMES NOW PLAINTIFF, TRAVONNE BORDERS,** and for causes of action against the

13  Defendants and each of them, alleges as follows:

14

15                                        <u>**JURISDICTION**</u>

16      1.      This Court is the proper court, and this action is properly filed in Los Angeles County,

17  because Defendants' obligations and liability arise therein, because Defendants maintain offices and

18  transact business within Los Angeles County, and because the work that is the subject of this action was

19  performed by Plaintiff in Los Angeles County.

20

21                                        <u>**THE PARTIES**</u>

22      2.      Plaintiff, TRAVONNE BORDERS, is and at all times relevant hereto was a resident of

23  the County of Los Angeles, State of California.

24      3.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant

25  hereto, Defendant INTERNATIONAL PAPER COMPANY (hereinafter referred to as "IPC" or

26  "Employers") was and is a New York corporation doing business at 1350 E 223rd St, in the City of

27  Carson, in the County of Los Angeles, State of California.

28

-2-

COMPLAINT FOR DAMAGES

4.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Employers owned and operated a private paper manufacturing company.

5.      At all times relevant herein, Employers and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

6.      At all times relevant herein, Employers and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of the Labor Code and Industrial Welfare Commission Order No. 1-2001, and are each an "employer or other person acting on behalf of an employer" as such term is used in Labor Code section 558, and liable to Plaintiff on that basis.

7.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant ANGIE DOE, was and is an individual resident of the County of Los Angeles, State of California, and is hereinafter individually referred to by last name and or as the "INDIVIDUAL DEFENDANT."   The INDIVIDUAL DEFENDANT was Employers' manager, corporate agent, supervisor, and/or employee.

8.      The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as alleged hereinafter.

9.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

-3-

COMPLAINT FOR DAMAGES

10.     Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20 and the INDIVIDUAL DEFENDANT, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20 and the INDIVIDUAL DEFENDANT, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

11.     Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

12.     Plaintiff has filed complaints of discrimination, harassment, retaliation, failure to prevent discrimination or retaliation, failure to accommodate, failure to engage in the interactive process, and wrongful termination under Government Code §§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Department of Fair Employment and Housing ("DFEH"), and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

**ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER**

13.     Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Employers and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

14.     Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Employers and DOES 1-20 are, in reality, one and the same, including, but not limited to because:

a.      Employers are completely dominated and controlled by one another and DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who

1   have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or
2   accomplish some other wrongful or inequitable purpose.

3           b.      Employers and DOES 1-20 derive actual and significant monetary benefits by and
4   through one another's unlawful conduct, and by using one another as the funding source for their own
5   personal expenditures.

6           c.      Employers and DOES 1-20, while really one and the same, were segregated to
7   appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or
8   accomplishing some other wrongful or inequitable purpose.

9           d.      Employers do not comply with all requisite corporate formalities to maintain a
10  legal and separate corporate existence.

11          e.      The business affairs of Employers and DOES 1-20 are, and at all times relevant
12  were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in
13  inextricable confusion.  Employers are, and at all times relevant hereto were, used by one another and
14  DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and
15  were, the alter ego of one another and DOES 1-20.  The recognition of the separate existence of
16  Defendants would not promote justice, in that it would permit Defendants to insulate themselves from
17  liability to Plaintiff for violations of the Government Code and other statutory violations.  The corporate
18  existence of Employers and DOES 1-20 should be disregarded in equity and for the ends of justice
19  because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

20          15.     Accordingly, Employers constitute the alter ego of one another and DOES 1-20, and the
21  fiction of their separate corporate existence must be disregarded.

22          16.     As a result of the aforementioned facts, Plaintiff is informed and believes, and based
23  thereon alleges that Employers and DOES 1-20 are Plaintiff's joint employers by virtue of a joint
24  enterprise, and that Plaintiff was an employee of Employers and DOES 1-20.  Plaintiff performed services
25  for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants
26  shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which
27  Defendants' business was and is conducted.

28

1    17.     Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and
2    between DOES 1-20, Employers, or any of them, (1) there is an express or implied agreement of
3    assumption pursuant to which Employers and/or DOES 1-20 agreed to be liable for the debts of the other
4    Defendants, (2) the transaction between Employers and/or DOES 1-20 and the other Defendants amounts
5    to a consolidation or merger of the two corporations, (3) Employers and/or DOES 1-20 are a mere
6    continuation of the other Defendants, or (4) the transfer of assets to Employers and/or DOES 1-20 is for
7    the fraudulent purpose of escaping liability for Defendants' debts.  Accordingly, Employers and/or DOES
8    1-20 are the successors of one or more of the other Defendants, and are liable on that basis.
9
10                              **FACTUAL ALLEGATIONS**
11    18.     On or about March 17, 2020, Employers hired Plaintiff to work as a forklift operator.
12    Plaintiff was a full-time, non-exempt employee, and performed all of Plaintiff's job duties satisfactorily
13    before Plaintiff was wrongfully terminated on or about October 21, 2021.
14    19.     Between March 17, 2020 and October 21, 2021, Plaintiff's hourly wage rate was $22.00.
15    During this time period, Plaintiff's fixed schedule was seven days per week, Monday through Saturday,
16    for approximately 8 to 15 hours per day.
17    20.     Throughout Plaintiff's employment, Plaintiff was not permitted to, and not advised of
18    Plaintiff's right to take statutory 10-minute rest breaks for every four hours worked or substantial portion
19    thereof.
20    21.     On or about November 25, 2020, Plaintiff 's knee was injured in an automobile accident.
21    This limited Plaintiff's ability to perform the major life activity of working and therefore constituted a
22    disability. Throughout December 2020, Plaintiff worked in considerable pain and developed a limp.
23    22.     In or around January 2021, Plaintiff notified Employers of this disability and/or medical
24    condition.
25    23.     Thereafter, Plaintiff went on medical leave from January 2021 to June 2021.
26    24.     Upon returning to work in June 2021, Plaintiff asked Angie Doe, Employers' human
27    resources manager, to work no more than eight hours per workday as an accommodation. Angie Doe
28

-6-
COMPLAINT FOR DAMAGES

1 | denied Plaintiff's request and informed Plaintiff that nobody worked "only" eight hours. Thereafter,
2 | Plaintiff exacerbated his disability again and experienced considerable knee pain.

3 |      25.   Thereafter, Plaintiff went on medical leave from on or about June 23, 2021 to on or about
4 | September 20, 2021. Plaintiff returned to work with restrictions, including working no more than eight
5 | hours per workday.

6 |      26.   Thereafter Defendants terminated Plaintiff's employment on or about October 21, 2021.

7 |      27.   Defendants discriminated and retaliated against Plaintiff by forcing him to work in
8 | contravention of his restrictions prior to terminating him and for exercising Plaintiff's right to request
9 | working eight hours per day as an accommodation of Plaintiff's disability and/or medical condition.

10 |      28.   Defendants also subjected the Plaintiff to harassment by demeaning him for requesting to
11 | only work eight hours per day.

12 |      29.   At all relevant times, Defendants failed to properly engage in a good faith interactive
13 | process in an effort to properly accommodate Plaintiff's disability and/or medical condition such that
14 | Plaintiff could continue working for Defendants.

15 |      30.   At all relevant times, Defendants failed to reasonably accommodate Plaintiff even though
16 | Plaintiff was able to perform the essential job duties of Plaintiff's position or another position with or
17 | without accommodations.

18 |      31.   Plaintiff's termination was substantially motivated by Plaintiff's disability or perceived
19 | disability, medical condition or perceived medical condition, request for accommodation, and/or
20 | engagement in protected activities, without any discussion of disability accommodations or any good
21 | faith attempt to engage in the interactive process with Plaintiff. Defendants' discriminatory animus is
22 | evidenced by the previously mentioned facts.

23 |      32.   Defendants' conduct described herein was undertaken, authorized, and/or ratified by
24 | Defendants' officers, directors and/or managing agents, including, but not limited to Angie Doe and those
25 | identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that
26 | reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and
27 | individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of
28 | the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and

1  approved by managing agents whose precise identities are unknown to Plaintiff at this time and are
2  therefore identified and designated herein as DOES 1 through 20, inclusive.

3       33.    As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general
4  and special damages, including severe and profound pain and emotional distress, anxiety, depression,
5  headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological
6  counseling and treatment, and past and future lost wages and benefits.

7       34.    As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses,
8  commissions, benefits and loss or diminution of earning capacity.

9       35.    Plaintiff claims general damages for emotional and mental distress and aggravation in a
10  sum in excess of the jurisdictional minimum of this Court.

11       36.    Because the acts taken toward Plaintiff were carried out by officers, directors and/or
12  managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard
13  of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages
14  be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this
15  Court.

16

17  **FIRST CAUSE OF ACTION**
18  **FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**
19  **AGAINST EMPLOYERS**

20       37.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 32, inclusive, as
21  though set forth in full herein.

22       38.    At all times hereto, the FEHA was in full force and effect and was binding upon
23  Defendants and each of them.

24       39.    As such term is used under FEHA, "on the bases enumerated in this part" means or
25  refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

26       40.    FEHA requires Defendants to refrain from discriminating against an employee on the
27  basis of disability and/or medical condition, real or perceived, and to prevent discrimination and

28

-8-

1   harassment on the basis of disability and/or medical condition, real or perceived, use of medical leave,
2   and engagement in protected activities from occurring.

3          41.   Plaintiff was a member of multiple protected classes as a result of Plaintiff's disability,
4   medical condition and/or the perception that Plaintiff was suffering from a disability and/or medical
5   condition.

6          42.   At all times relevant hereto, Plaintiff was performing competently in the position
7   Plaintiff held with Defendants.

8          43.   Plaintiff suffered the adverse employment actions of unlawful harassment,
9   discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination,
10  failure to reinstate and/or return to work, and termination, and was harmed thereby.

11         44.   Plaintiff is informed and believes that Plaintiff's disability and/or medical condition,
12  real and perceived, and/or some combination of these protected characteristics under Government Code
13  §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the
14  aforementioned adverse employment actions.

15         45.   Said conduct violates the FEHA, and such violations were a proximate cause in
16  Plaintiff's damage as stated below.

17         46.   The damage allegations of Paragraphs 33 through 36, inclusive, are herein incorporated
18  by reference.

19         47.   The foregoing conduct of Defendants individually, or by and through their officers,
20  directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or
21  was despicable conduct carried on by the Defendants with a willful and conscious disregard of the
22  rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's
23  rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling
24  Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

25         48.   Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of
26  attorneys' fees and costs, including expert fees pursuant to the FEHA.

27

28

1

**SECOND CAUSE OF ACTION**

2

**FOR HARASSMENT IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

3

**AGAINST ALL DEFENDANTS**

4        49.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 32, inclusive, as

5    though set forth in full herein.

6        50.    At all times hereto, the FEHA was in full force and effect and was binding upon

7    Defendants and each of them.

8        51.    As such term is used under FEHA, "on the bases enumerated in this part" means or

9    refers to harassment on the bases of one or more of the protected characteristics under FEHA.

10        52.    These laws set forth in the preceding paragraph require Defendants to refrain from

11    harassing, or creating, or maintaining a hostile work environment against an employee based upon the

12    employee's disability and/or medical condition, real or perceived, use of medical leave, and

13    engagement in protected activities, as set forth hereinabove.

14        53.    Defendants' harassing conduct was severe or pervasive, was unwelcome by Plaintiff,

15    and a reasonable person in Plaintiff's circumstances would have considered the work environment to

16    be hostile or abusive.

17        54.    Defendants violated the FEHA and the public policy of the State of California which is

18    embodied in the FEHA by creating a hostile work environment and harassing Plaintiff because of

19    Plaintiff's disability and/or medical condition, real or perceived, use of medical leave, engagement in

20    protected activities, and/or some combination of these protected characteristics, as set forth

21    hereinabove.

22        55.    The above said acts were perpetrated upon Plaintiff by a supervisor, and/or Defendants

23    knew or should have known of the conduct but failed to take immediate and appropriate corrective

24    action.

25        56.    The above said acts of Defendants constitute violations of the FEHA and violations of

26    the public policy of the State of California.  Such violations were a proximate cause in Plaintiff's

27    damage as stated below.

28

-10-

COMPLAINT FOR DAMAGES

1      57.    The damage allegations of Paragraphs 33 through 36, inclusive, are herein incorporated

2    by reference.

3      58.    The foregoing conduct of Defendants individually, or by and through their officers,

4    directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or

5    was despicable conduct carried on by the Defendants with a willful and conscious disregard of the

6    rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's

7    rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling

8    Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

9      59.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of

10    attorneys' fees and costs, including expert fees pursuant to the FEHA.

11

12                      **THIRD CAUSE OF ACTION**

13     **FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

14                        **AGAINST EMPLOYERS**

15      60.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 32, inclusive, as

16    though set forth in full herein.

17      61.    At all times hereto, the FEHA was in full force and effect and was binding upon

18    Defendants and each of them.

19      62.    These laws set forth in the preceding paragraph require Defendants to refrain from

20    retaliating against an employee for engaging in protected activity.

21      63.    Plaintiff engaged in the protected activities of requesting accommodation, requesting

22    medical leave and/or exercising Plaintiff's right to medical leave, and complaining about and protesting

23    Defendants' discriminatory and harassing conduct towards Plaintiff based upon Plaintiff's disability,

24    medical condition, real or perceived, and use of medical leave.

25      64.    Plaintiff suffered the adverse employment actions of unlawful harassment,

26    discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination,

27    failure to reinstate and/or return to work, and termination, and was harmed thereby.

28

65.    Plaintiff is informed and believes that Plaintiff's conduct of requesting accommodation, requesting medical leave and/or exercising Plaintiff's right to medical leave, complaining about and protesting about Defendants' discriminatory and harassing conduct, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

66.    Defendants violated the FEHA by retaliating against Plaintiff and terminating Plaintiff for attempting to exercise Plaintiff's protected rights, as set forth hereinabove.

67.    Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

68.    The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

69.    The damage allegations of Paragraphs 33 through 36, inclusive, are herein incorporated by reference.

70.    The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

71.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION**

**IN VIOLATION OF GOV'T CODE §12940(k)**

**AGAINST EMPLOYERS**

72.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 32, inclusive, as though set forth in full herein.

73.     At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants.  This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring.  As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination, harassment and retaliation from occurring.

74.     The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

75.     The damage allegations of Paragraphs 33 through 36, inclusive, are herein incorporated by reference.

76.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

77.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## **FIFTH CAUSE OF ACTION**

## **FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12945.2 ET SEQ.**

## **AGAINST EMPLOYERS**

78.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 32, inclusive, as though set forth in full herein.

79.     At all times hereto, the California Family Rights Act, codified by Government Code §§12945.2, et al. ("CFRA") was in full force and effect and was binding upon Defendants and each of them.  Under the CFRA, it shall be an unlawful employment practice for any covered employer to refuse to grant a request by any qualified employee to take up to a total of 12 workweeks in any 12-month period for family care and medical leave for the employee's own serious medical condition.  Under the CFRA, it is also an unlawful employment practice for a covered employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because the individual has exercised or attempted to exercise his or her right to take protected family care and medical leave under the CFRA.  Under the CFRA, it is also an unlawful employment practice for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under the CFRA.

80.     At all times hereto, Plaintiff was an employee eligible for CFRA leave.  At all times hereto, Plaintiff had been employed by Defendants for more than 12 months, and had worked at least 1250 hours during the previous 12 months.  Further, Defendants employed at least 50 employees within 75 miles of the worksite at which Plaintiff worked.

81.     Defendants violated the CFRA by failing and/or refusing to provide Plaintiff with the family care and medical leave that Plaintiff requested.

82.     Defendants violated the CFRA by retaliating against Plaintiff for exercising or attempting to exercise Plaintiff's right to protected medical leave under the CFRA.

83.     Defendants violated the CFRA by interfering with or restraining Plaintiff from exercising or attempting to exercise Plaintiff's right to protected medical leave under the CFRA, by failing to give Plaintiff notice of Plaintiff's rights under the CFRA, including the right to take protected leave.

COMPLAINT FOR DAMAGES

84.   Plaintiff suffered the adverse employment actions of unlawful harassment, discrimination and termination.

85.   Plaintiff is informed and believes that exercising or attempting to exercise Plaintiff's right to medical leave was a motivating reason and/or factor in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

86.   The above said acts of Defendants constitute violations of the CFRA, and were a proximate cause in Plaintiff's damage as stated below.

87.   The damage allegations of Paragraphs 33 through 36, inclusive, are herein incorporated by reference.

88.   The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

89.   Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SIXTH CAUSE OF ACTION
## FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS
## IN VIOLATION OF GOV'T CODE§§12940 ET SEQ.
## AGAINST EMPLOYERS

90.   Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 32, inclusive, as though set forth in full herein.

91.   At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

92.     At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a disability, a physical condition that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

93.     At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which Plaintiff was employed, or could have performed the duties and functions of that position with reasonable accommodations. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability or medical condition, actual or as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety. Accommodation of Plaintiff's disability or disability or medical condition, real or perceived by Defendants, would not have imposed an undue hardship on Defendants. Defendants failed and refused to accommodate Plaintiff's disability, failed to engage in the interactive process with Plaintiff and continue to violate this obligation, up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

94.     The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

95.     The damage allegations of Paragraphs 33 through 36, inclusive, are herein incorporated by reference.

96.     The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

97.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**SEVENTH CAUSE OF ACTION**

**FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS**

**IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

**AGAINST EMPLOYERS**

98.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 32, inclusive, as though set forth in full herein.

99.    At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants.  This subsection imposes an ongoing duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

100.    At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical disability that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

101.    Plaintiff reported the disability to Defendants and requested accommodation, triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants failed and refused to do so.  Thereafter, despite Defendants continuing obligation to engage in the interactive process with Plaintiff, despite Plaintiff's submission of a doctors' notes identifying Plaintiff's condition and Plaintiff's desire to continue working in some capacity, Defendants failed and refused to have any dialogue with Plaintiff whatsoever, on any of these occasions, and Defendants violated, and continued to violate this obligation up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

102.    The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

103.    The damage allegations of Paragraphs 33 through 36, inclusive, are herein incorporated by reference.

-17-

COMPLAINT FOR DAMAGES

104.    The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

105.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## EIGHTH CAUSE OF ACTION

## FOR DECLARATORY JUDGMENT

## AGAINST EMPLOYERS

106.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 105, inclusive, as though set forth in full herein.

107.    Government Code §12920 sets forth the public policy of the State of California as follows:

> It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.

> It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.

> Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.

> It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.

-18-

COMPLAINT FOR DAMAGES

This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

108.   Government Code §12920.5 embodies the intent of the California legislature and states:

In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

109.   Moreover, Government Code §12921, subdivision (a) says in pertinent part:

The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right.

110.   An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties as it is believed that Defendants may allege that they did not discriminate and retaliate against Plaintiff; that Plaintiff was not terminated as a result of Plaintiff's disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics.  Plaintiff contends that Defendants did discriminate and retaliate against Plaintiff on the basis of Plaintiff's disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics; and that Plaintiff was retaliated against and, ultimately wrongfully terminated as a result of Plaintiff's medical condition, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics.   Plaintiff is informed and believes, and on that basis alleges, that Defendants shall dispute Plaintiff's contentions.

111.   Pursuant to Code of Civil Procedure §1060, Plaintiff desires a judicial determination of Plaintiff's rights and duties, and a declaration that Defendants harassed Plaintiff on the basis of Plaintiff's perceived disability, disability, medical condition, perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics.

1    112.    Pursuant to Code of Civil Procedure §1060, Plaintiff seeks a judicial determination of

2    Plaintiff's rights and duties, and a declaration that Plaintiff's perceived disability, medical condition,

3    perceived medical condition, disability, engagement in protected activities, and/or some combination

4    of these protected characteristics was a substantial motivating factor in the decision to subject Plaintiff

5    to the aforementioned adverse employment actions.

6    113.    A judicial declaration is necessary and appropriate at this time under the circumstances

7    in order that Plaintiff, for Plaintiff and on behalf of employees in the State of California and in

8    conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of

9    Defendants and to condemn such discriminatory employment policies or practices prospectively.

10   *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

11   114.    A judicial declaration is necessary and appropriate at this time such that Defendants

12   may also be aware of their obligations under the law to not engage in discriminatory practices and to

13   not violate the law in the future.

14   115.    Government Code §12965(b) provides that an aggrieved party, such as the Plaintiff

15   herein, may be awarded reasonable attorney's fees and costs: "In civil actions brought under this

16   section, the court, in its discretion, may award to the prevailing party, including the department,

17   reasonable attorney's fees and costs, including expert witness fees."  Such fees and costs expended by

18   an aggrieved party may be awarded for the purpose of redressing, preventing, or deterring

19   discrimination and harassment.

20

21                              **NINTH CAUSE OF ACTION**

22                          **FOR WRONGFUL TERMINATION**

23           **IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA**

24                                 **AGAINST EMPLOYERS**

25   116.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 32, inclusive, as

26   though set forth in full herein.

27   117.    At all relevant times mentioned in this complaint, the FEHA was in full force and effect

28   and was binding on Defendants.  This law requires Defendants to refrain, among other things, from

-20-

COMPLAINT FOR DAMAGES

1 | discriminating against any employee on the basis of disability, medical condition, real or perceived,

2 | and use of medical leave, and from retaliating against any employee who engages in protected activity.

3 |     118.    At all times mentioned in this complaint, it was a fundamental policy of the State of

4 | California that Defendants cannot discriminate and/or retaliate against any employee on the basis of

5 | disability, medical condition, real or perceived, use of medical leave and/or engagement in protected

6 | activity.

7 |     119.    Plaintiff believes and thereon alleges that Plaintiff's disability and/or medical condition,

8 | real or perceived, use of medical leave, engagement in protected activity with respect to these protected

9 | classes, and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

10 |     120.    Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's

11 | employment on the basis of disability, medical condition, real or perceived, or use of medical leave,

12 | Plaintiff's complaining of harassment and discrimination due to these protected classes, Plaintiff's

13 | engagement in protected activity, and/or some combination of these factors, were a proximate cause in

14 | Plaintiff's damages as stated below.

15 |     121.    The above said acts of Defendants constitute violations of the Government Code and

16 | the public policy of the State of California embodied therein as set forth above.  Defendants violated

17 | these laws by discriminating and retaliating against Plaintiff and terminating Plaintiff's employment in

18 | retaliation for exercise of protected rights.

19 |     122.    At all times mentioned in this complaint, it was a fundamental policy of the State of

20 | California that Defendants cannot discriminate and/or retaliate against any employee on the basis of

21 | use of CFRA leave, or in violation of FEHA.

22 |     123.    Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's use of

23 | CFRA leave, and/or Plaintiff's status as a protected member of the class under FEHA was a proximate

24 | cause in Plaintiff's damages as stated below.

25 |     124.    The damage allegations of Paragraphs 33 through 36, inclusive, are herein incorporated

26 | by reference.

27 |     125.    The foregoing conduct of Defendants individually, or by and through their officers,

28 | directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or

1  was despicable conduct carried on by the Defendants with a willful and conscious disregard of the

2  rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's

3  rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling

4  Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

5

6  **TENTH CAUSE OF ACTION**

7  **FOR FAILURE TO PROVIDE BREAKS**

8  **LABOR CODE §§226.7**

9  **AGAINST EMPLOYERS**

10  126.   Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as

11  though set forth in full herein.

12  127.   Labor Code §226.7 requires an employer to provide every employee with an uninterrupted

13  rest period of not less than 10 minutes, for every period worked of four hours, or substantial portion

14  thereof.

15  128.   Throughout Plaintiff's employment, Plaintiff regularly worked in excess of at least 10

16  hours per day, and was thereby entitled to two 10-minute rest periods on each day of work.

17  129.   Defendants failed and refused to provide Plaintiff with rest periods, and failed to

18  compensate Plaintiff for missed rest periods, as required by Labor Code §§226.7 and the applicable

19  sections of 8 Code of Regulations §11010 and Industrial Welfare Commission Order No. 1-2001, as

20  follows:

21      a.   From approximately March 17, 2020 to October 21, 2021, Plaintiff was deprived

22  of one or more of Plaintiff's statutory 10-minute rest periods on approximately 498 days (6 days per week

23  for 83 weeks).

24  130.   As alleged herein, Plaintiff is not exempt from the meal and rest break requirements of 8

25  Code of Regulations §11010 and Industrial Welfare Commission Order No. 1-2001.   Consequently,

26  Plaintiff is owed one hour of pay at Plaintiff's then regular hourly rate, or the requisite minimum wage,

27  whichever is greater, for each day that Plaintiff was denied such meal periods, and is owed one hour of

28

-22-

COMPLAINT FOR DAMAGES

1   pay at Plaintiff's regular hourly rate, or the requisite minimum wage, whichever is greater, for each day
2   that Plaintiff was denied such rest periods, calculated as follows:

3           a.      From approximately March 17, 2020 to October 21, 2021, Defendants failed to
4   provide Plaintiff with the statutory rest period on approximately 498 separate days. Consequently,
5   Plaintiff is owed one hour of pay at $22.00 for each day, or $10,956.00, plus interest thereon, for unpaid
6   rest periods.

7           131.    Thus, the total missed rest period compensation owed Plaintiff for this time period is
8   $10,956.00.

9           132.    Plaintiff has been deprived of Plaintiff's rightfully earned compensation for rest breaks as
10  a direct and proximate result of Defendants' failure and refusal to pay said compensation.

11          133.    Thus, for the entirety of the time periods set forth above, Plaintiff is entitled to recover
12  such amounts in the combined amount of $10,956.00, pursuant to Labor Code §226.7(b), plus interest
13  thereon and costs of suit.

14

15                          **ELEVENTH CAUSE OF ACTION**
16          **FOR FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS**
17                          **LABOR CODE §§226 ET SEQ.**
18                                **AGAINST EMPLOYERS**

19          134.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as
20  though set forth in full herein.

21          135.    Pursuant to Labor Code §§226 and 1174, employers have a duty to provide their non-
22  exempt employees with itemized statements showing total hours worked, hourly wages, gross wages,
23  total deductions and net wages earned. An employer who violates these code sections is liable to its
24  employees for the greater of actual damages suffered by the employee, or $50.00 in civil penalties for the
25  initial pay period in which a violation occurred, and $100.00 per employee for each subsequent pay
26  period, up to a statutory maximum of $4,000.00. Pursuant to Labor Code §226(e)(2), an employee is
27  deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement
28  at all.

---

-23-

COMPLAINT FOR DAMAGES

136.   In addition thereto, pursuant to Labor Code §226.3, an employer who willfully violates Labor Code §226 is subject to a $250.00 civil penalty for the initial pay period in which a violation occurred, and $1,000.00 per employee for each subsequent pay period, with no maximum.

137.   At all relevant times, Defendants failed to provide the Plaintiff with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing Plaintiff, and all applicable hours and rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by Plaintiff. For the majority of the time and as to nearly all of Plaintiff's wages, Defendants knowingly and intentionally, not inadvertently, failed to provide Plaintiff with paystubs at all, and instead paying Plaintiff entirely in cash without any calculations of how Plaintiff's gross wages were calculated. Not one of the paystubs that Plaintiff received complied with Labor Code §226, and contained almost none of the required information, including hours actually worked.

138.   As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §226.

139.   This failure has injured Plaintiff, by misrepresenting and depriving Plaintiff of hour, wage, and earnings information to which Plaintiff is entitled, causing Plaintiff difficulty and expense in attempting to reconstruct time and pay records, causing Plaintiff not to be paid wages Plaintiff is entitled to, causing Plaintiff to be unable to rely on earnings statements in dealings with third parties, eviscerating Plaintiff's right under Labor Code §226(b) to review itemized wage statement information by inspecting the employer's underlying records, and deceiving Plaintiff regarding Plaintiff's entitlement to overtime, meal period, and rest period wages. For the time periods that Plaintiff was not provided with paystubs at all, Plaintiff's aforementioned injuries are presumed as a matter of law.

140.   Plaintiff was paid on a bi-weekly basis, and therefore Defendants violated Labor Code §226 approximately 26 times during the one year preceding the filing of this complaint. Consequently, Defendants are liable to Plaintiff for Plaintiff's actual damages, or penalties in the statutory maximum amount of $4,000.00, whichever is greater.

141.   In addition thereto, for Defendant's 26 violations, Defendants are penalized $50.00 for the first violation, and the remainder of which Defendants are penalized $100.00 each, for a total due in Labor Code §226.3 penalties of $2,550.00.

-24-

142.     Based on Defendants' conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to Labor Code §226, civil penalties pursuant to Labor Code §226.3, and other applicable provisions, as well as attorneys' fees and costs.

## TWELFTH CAUSE OF ACTION
## FOR WAITING TIME PENALTIES
## LABOR CODE §§201-203
## AGAINST EMPLOYERS

143.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

144.     At all relevant times, Defendants failed to pay all of the Plaintiff's accrued wages and other compensation due immediately upon termination or within 72 hours of resignation, as required. These wages refer to, at a minimum, unpaid minimum wages, overtime compensation, and meal and rest period compensation that Defendants should have paid, but did not pay to Plaintiff during the term of Plaintiff's employment and which were, at the latest, due within the time restraints of Labor Code §§201-203.

145.     As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §§201-203.

146.     As a direct and proximate result of Defendants' willful failure to pay these wages, Plaintiff is entitled to payment of Plaintiff's overtime, meal and rest periods as previously pleaded herein, and more than $6,270.00 in wait time penalties, calculated based on 30 days of Plaintiff's daily wage rate of $209.00, inclusive of overtime.

147.     Based on Defendants' conduct as alleged herein, Defendants are liable for $6,270.00 in statutory penalties pursuant to Labor Code §203 and other applicable provisions, as well as attorneys' fees and costs.

**THIRTEENTH CAUSE OF ACTION**

**FOR PRIVATE ATTORNEY GENERAL ACT**

**LABOR CODE §2699**

**AGAINST EMPLOYERS**

148.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

149.    Under Labor Code §2699, Plaintiff, as an aggrieved employee, may bring an action against Defendants, on behalf of himself and other current or former employees, seeking statutory civil penalties for Defendants' violations of the California Labor Code.

150.    Plaintiff was an aggrieved employee within the meaning of Labor Code §§2699(c) and 2699.3(a), as Defendants have committed multiple California Labor Code violations against Plaintiff, as previously pleaded in this Complaint.

151.    more than 63 calendar days before filing this Complaint, Plaintiff provided written notice by certified mail to the Labor and Workforce Development Agency and to Defendants of the specific provisions of the California Labor Code that Defendants violated, thereby satisfying the requirements of Labor Code §2699.3(a). These violations included Labor Code §§ 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1182.12, 1194, 1194.2, and 1197, each of which is enumerated among the serious violations set forth in Labor Code §2699.5.

152.    As of the filing of this Complaint, Plaintiff has not received any response from the Labor and Workforce Development Agency on its intent to pursue an action against Defendants. Consequently, Plaintiff may now commence a civil action, pursuant to Labor Code §2699.3.

153.    As a direct and proximate result of Defendants' California Labor Code violations as set forth in this Complaint, Plaintiff is entitled to civil penalties of $100 for each aggrieved employee per pay period for the initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation, pursuant to Labor Code §2699(f), for those Labor Code sections not expressly providing for a penalty, and civil penalties provided by the specific Labor Code sections that do expressly provide for a penalty, §§226.3, 226.7, 510, 512, and 558.

154.    Plaintiff may also seek these same penalties on behalf of all other aggrieved employees.

-26-

COMPLAINT FOR DAMAGES

155.     Plaintiff is also entitled to reasonable attorney's fees and costs, and 25% of the recovered civil penalties, pursuant to Labor Code §§2699(g)(1)-(i).

## FOURTEENTH CAUSE OF ACTION

## FOR UNFAIR COMPETITION

## BUSINESS & PROFESSIONS CODE §§17200, ET SEQ.

## AGAINST EMPLOYERS

156.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

157.     Defendants' violations of 8 Code of Regulations §11010, Industrial Welfare Commission Order No. 1-2001, Labor Code §§201-203, 226, 226.7, 510, 512, 1182.12, 1194, 1194.2, 1197, 1198.5, 2699, and other applicable provisions, as alleged herein, including Defendants' failure and refusal to pay minimum wages, overtime wages, Defendants' failure to provide meal and rest breaks, Defendants' failure to provide timely and accurate wage and hour statements, Defendants' failure to pay compensation due in a timely manner upon termination or resignation, and Defendants' failure to maintain complete and accurate payroll records for the Plaintiff, constitute unfair business practices in violation of Business & Professions Code §§17200, et seq.

158.     As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff and members of the public.  Defendants should be made to disgorge their ill-gotten gains and restore such monies to Plaintiff.

159.     Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that the Defendants account for, disgorge, and restore to the Plaintiff the overtime compensation and other monies and benefits unlawfully withheld from Plaintiff.

-27-

COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof:

1.      For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2.      For payment of meal and rest period compensation pursuant to Labor Code §226.7, 512, in the amount of no less than $10,956.00;

3.      For damages pursuant to Labor Code §226 in the amount of no less than $4,000.00;

4.      For statutory penalties or damages pursuant to Labor Code §226.3 in the amount of no less than $2,550.00;

5.      For waiting time penalties pursuant to Labor Code §§201-203 in the amount of no less than $6,270.00;

6.      For statutory penalties pursuant to Labor Code §2699(f);

7.      For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter.

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

8.      For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

9.      For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

10.      For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

11.      For injunctive relief compelling Defendants to report to federal and state authorities wages earned by Plaintiff, and other employees, and pay all state and federal taxes owing, employer matching

COMPLAINT FOR DAMAGES

1    funds, unemployment premiums, social security, Medicare, and workers' compensation premiums, all

2    this in an amount according to the proof;

3        12.     For restitutionary disgorgement of profits garnered as a result of Defendants' unlawful

4    conduct, misclassification of Plaintiff as an independent contractor, and failure to pay wages and other

5    compensation in accordance with the law;

6        13.     For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor

7    Code and/or any other basis;

8        14.     For post-judgment interest; and

9        15.     For any other relief that is just and proper.

10

11   DATED:  May 12, 2022                          **SETYAN LAW, APC**

12

13                                     By:  _Samvel Setyan_____

14                                          Samvel Setyan, Esq.
                                            Attorney for Plaintiff
15                                          TRAVONNE BORDERS

16

17

18

19                             **JURY TRIAL DEMANDED**

20        Plaintiff demands trial of all issues by jury.

21

22   DATED:  May 12, 2022                          **SETYAN LAW, APC**

23

24                                     By:  _Samvel Setyan_____
                                            Samvel Setyan, Esq.
25                                          Attorney for Plaintiff
                                            TRAVONNE BORDERS
26

27

28

-29-

COMPLAINT FOR DAMAGES